Matter of MacNaughton (2026 NY Slip Op 00313)

Matter of MacNaughton

2026 NY Slip Op 00313

Decided on January 22, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Ellen Gesmer Lizbeth González Manuel Mendez Marsha D. Michael
Justices.
 Motion No. 2025-05366 Case No.2025-05969 In the Matter of William James MacNaughton
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
William James MacNaughton (OCA Atty. Reg. No. 1461250)
Respondent.

Motion No. 2025-05366|Case No. 2025-05969|

[*1]In the Matter of William James MacNaughton, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William James MacNaughton (OCA Atty. Reg. No. 1461250), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William James MacNaughton, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 16, 1977.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Gillian C. Gamberdell, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent William James MacNaughton was admitted to the practice of law in the State of New York by the First Judicial Department on May 16, 1977. This Court maintains jurisdiction by virtue of respondent's admission in the First Judicial Department, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2). Respondent was also admitted to the New Jersey bar in 1985.
On June 30, 2006, Russian Media Group (RMG), a satellite television service providing Russian language programming to subscribers, filed a lawsuit in the United States District Court for the Northern District of Illinois (NDI) against Shari Harmelech (SH) and his companies. On May 8, 2009, SH retained respondent to defend him and his companies. On July 16, 2009, respondent suspended legal work due to SH's failure to pay legal fees. Thereafter, on August 12, 2009, SH executed a promissory note in which SH agreed to make installment payments until his legal fees were satisfied. The promissory note provided respondent with a "security interest in all of [SH's] rights, titles, and interests in any and all real property wherever located." SH defaulted one month later.
In October 2009, respondent sued SH in the United States District Court of New Jersey (DNJ) for defaulting on the promissory note. The DNJ found, in part, that respondent did not have a security interest in SH's real and personal property. Meanwhile, in 2011, SH and RMG executed a settlement agreement in the New Jersey lawsuit, giving RMG a security interest in SH's accounts receivable. SH again defaulted.
In July 2012, respondent filed a lawsuit in the Superior Court of New Jersey, Law Division, against RMG and SH, alleging that he had a lien on funds used in the settlement. Respondent included his company Casco Bay (CB) as co-plaintiff. This action settled in 2014, with RMG assigning CB the right to collect a portion of SH's outstanding debt. In December 2014, respondent and CB filed another lawsuit in the NDI against SH and his son, alleging that SH fraudulently transferred funds to his son. SH moved to disqualify respondent from representing CB and to prevent CB from prosecuting its claims. On March 17, 2015, the NDI disqualified respondent from representing CB, finding that respondent was "engaging in a position materially adverse to the interests of his former client [] in a substantially related matter ." The NDI dismissed respondent's action after he failed to comply with its disqualification order. On September 6, 2016, the DNJ issued a $71,763 judgment in favor of respondent, who thereafter registered the action in the NDI.
In January 2017, respondent filed an additional lawsuit against SH concerning an alleged fraudulent transfer of Florida property. In October 2017, the NDI issued an order denying SH's motion to disqualify respondent from representing himself as a pro se plaintiff. Respondent then filed a motion on behalf of himself in the NDI to reopen the RMG action, alleging that SH failed to provide certain bank records to respondent. The NDI denied the motion and claimed this violated rule 1.9(a) of the New Jersey Rules of Professional Conduct (NJRPC) by continuing to pursue the RMG judgment against his former client. The Seventh Circuit affirmed these rulings, finding that the NDI did not abuse its discretion.
In 2019, the New Jersey District XB Ethics Committee (DEC) commenced an investigation into respondent's conduct. Following a disciplinary hearing, the panel found that respondent's early fee-collection actions did not violate NJRPC rule 1.9(a). The panel, however, determined that respondent's subsequent conduct of inserting himself into efforts to enforce the RMG judgment and attempting to reopen the RMG action was part of the same matter as his earlier representation. The panel determined that, by clear and convincing evidence, respondent's conduct violated NJRPC rule 1.9(a). The New Jersey Disciplinary Review Board (DRB) upheld the panel's findings and recommended a public censure.
By order dated May 7, 2024, the Supreme Court of New Jersey censured respondent for violating NJRPC rule 1.9(a). Respondent did not timely report his censure as required by 22 NYCRR 1240.13(d). By motion dated August 14, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to 22 NYCRR 1240.13(d) and Judiciary Law § 90(2), finding that respondent has been disciplined by the New Jersey Supreme Court, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and imposing a public censure or such discipline as the court deems just and proper.
Under 22 NYCRR 1240.13(b), an attorney disciplined in a foreign jurisdiction is precluded from raising any defenses except:
"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the respondent's misconduct; or
"(3) that the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York."
Respondent does not assert any of these defenses, nor has he appeared in this matter. In any event, respondent was on notice of the misconduct allegations at issue and fully participated in the disciplinary proceedings in New Jersey, there is no infirmity of proof with respect to the finding of misconduct in New Jersey, and the misconduct violated rule 1.9(a) of the New York Rules of Professional Conduct (22 NYCRR 1200.0).
As to the sanction to be imposed, this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d 108, 111 [1st Dept 2021]; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]). A public censure is the appropriate reciprocal discipline in this matter as it is commensurate with the discipline imposed in New Jersey.
Accordingly, the AGC's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated on similar discipline imposed by the Supreme Court of New Jersey, should be granted to the extent that respondent William James MacNaughton is publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, predicated on similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent, William James MacNaughton, is publicly censured.
Entered: January 22, 2026