Elmaz v CNY Constr. LLC (2026 NY Slip Op 00313)

Elmaz v CNY Constr. LLC

2026 NY Slip Op 00313

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 29782/17|Appeal No. 5660|Case No. 2024-07007|

[*1]Ismail Elmaz, Plaintiff-Appellant,
vCNY Construction LLC, et al., Defendants-Respondents, 110 UP NY LLC, et al., Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for appellant.
Carol R. Finocchio, Water Mill, for respondents.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered October 17, 2024, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 200 and common-law negligence claims, dismissed plaintiff's Labor Law § 241(6) claim to the extent it was predicated on Industrial Code provisions not raised in plaintiff's legal arguments, and denied dismissal of defendants' affirmative defenses asserting comparative fault, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on liability on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff, who worked for nonparty Team Electric as a helper, was instructed by his supervisor to hold the base of a closed, 12-rung, A-frame ladder as it was leaned against a wall so that his coworker could stand on the ladder to install electrical cables from the wall upwards to the ceiling. As the coworker was on the ladder several rungs from the top, he dropped the electric drill he was using and the drill struck plaintiff's wrist, injuring him and causing him to fall to the ground.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim. Uncontradicted testimony from plaintiff's expert safety consultant established that the coworker's elevated work atop the A-frame ladder, warranted overhead protection or tethering of the tools to the coworker's person to safeguard other workers from falling objects (see e.g. Rincon v New York City Hous. Auth., 202 AD3d 421, 422 [1st Dept 2022]). In addition, the vice president of risk management and safety for defendant construction manager CNY Construction LLC gave substantially similar deposition testimony regarding the lack of necessary safeguards to protect workers from falling objects. The evidence also established that the remaining defendants — the property owner, the ground lessee, and the ground lessee's agent-developer — all failed to provide adequate safety devices to protect plaintiff from falling objects that were required to be secured (see id.; Pados v City of New York, 192 AD3d 596, 596 [1st Dept 2021]).
In opposition, defendants failed to raise a triable issue of fact as to whether adequate safety devices were provided under the circumstances. We reject defendants' argument that the protections of Labor Law § 240(1) do not apply because the coworker had completed his work and was descending the ladder at the time the drill fell. The analysis of plaintiff's activity is not to be limited to the moment of his injury, but is to be evaluated in the general context of the work — here, failure to secure the tools used at an elevated height (see Saint v Syracuse Supply Co., 25 NY3d 117, 124-125 [2015]).
Contrary to defendants' assertion otherwise, the record does not raise triable issues as to whether plaintiff was the sole proximate cause of his accident or a recalcitrant worker. The record presents no evidence that plaintiff disregarded specific safety directions; on the contrary, the evidence shows that plaintiff was instructed by his supervisor to hold the closed and leaning A-frame ladder steady for his coworker (see Blake v Neighborhood Hous. Servs. of N.Y. City, Inc., 1 NY3d 280, 292-293 [2003]). In addition, the evidence shows that defendants did not provide any safety devices that would have protected plaintiff from the falling drill (see Jara-Salazar v 250 Park, L.L.C., 231 AD3d 674, 674-675 [1st Dept 2024]) .
We also reject defendants' argument that plaintiff's motion is premature. Defendants have not sustained their burden of showing that the two potential witnesses to the accident were within plaintiff's exclusive control, nor have they specified what evidence could be gleaned from additional discovery (see Harjo-Codd v Tishman Constr. Corp., 233 AD3d 542, 543 [1st Dept 2024]).
In light of our determination granting summary judgment to plaintiff on liability as to his section 240(1) claim, the arguments raised by the parties regarding plaintiff's sections 241(6) and 200 and common-law negligence claims are academic, as is the branch of plaintiff's motion seeking to dismiss defendants' affirmative defenses asserting comparative fault (see Rincon, 202 AD3d at 422; Pados, 192 AD3d at 596).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026